Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, individually, and on behalf of all others similarly situated, §§§§ | Civil Action No.:  3:25-cv-00227 |
| Plaintiff, § | **CLASS ACTION COMPLAINT** |
| v. § | |
| CAPITAL GURUS, a Nevada Corporation, §§§§ | |
| Defendant. § | |

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant CAPITAL GURUS ("Capital Gurus") to stop their illegal practice of sending texts and placing phone calls to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

1.    CAPITAL GURUS is a Nevada corporation. As a part of their marketing, Defendant sent thousands of illegal texts messages and phone calls to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2.    Defendant did not obtain prior express written consent and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1

3.      Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4.      The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5.      The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6.      By placing calls and sending texts to people who have registered their phone numbers on the national do-not call database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7.      Plaintiff therefore seeks an injunction requiring Defendant to stop calling and texting people without consent, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff Brandon Callier is a natural person residing in El Paso, Texas.

9.      Defendant Capital Gurus is a corporation organized and existing under the laws of Nevada.

## JURISDICTION AND VENUE

10.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11.     This Court has specific personal jurisdiction over Defendant because Defendant intentionally targeted Texas with solicitation calls and texts.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

2

## COMMON FACTUAL ALLEGATIONS

13.     Defendant Capital Gurus operates a merchant cash advance business.

14.     Defendant placed phone calls and sent text messages soliciting Plaintiff and the putative class for Defendant's cash advances.

15.     Defendant failed to obtain consent from recipients, nor did they check the Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16.     Plaintiff registered his personal cell phone ending in 4604 on the National Do Not Call Registry since December 13, 2007.

17.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

18.     Plaintiff's telephone number 4604 is a residential number and is registered to a cellular telephone service. Plaintiff's telephone number 4604 is not used for commercial purposes. Plaintiff uses telephone number 4604 for personal calls.

19.     On January 27, 2025, Defendant called Plaintiff twice and texted him regarding Defendant's funding offers.

20.     Plaintiff did not have an existing business relationship with Defendant and had previously sued Defendant for unwanted phone calls and text messages.

21.     Plaintiff did not give his prior express written consent.

22.     None of the alleged texts or calls were made to Plaintiff for emergency purposes.

23.     The calls and text were to offer Plaintiff funding, which is considered commercial activity—because Defendant charges fees, collects additional costs, or profits in any way.

24.     Plaintiff was harmed by the calls and texts. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the calls and texts. Moreover, the calls and text injured Plaintiff because they were frustrating, obnoxious, and annoying. The communications also caused Plaintiff's cell phone battery's depletion, consumed internal and network resources, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## CLASS ALLEGATIONS

25.    **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) within the last 4 years preceding the filing of this Complaint to present (2) Defendant called or texted (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

> **Texas Class**.  All persons in the State of Texas who: (1) within the last 4 years preceding the filing of this Complaint to present (2) Defendant called or texted (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

26.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.    **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages and placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

28.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

29.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

30.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

31.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a.   Whether the telephone solicitations were caused by Defendant;

   b.   Whether the communications promoted Defendant's products or services;

   c.   Whether Defendant checked the phone numbers against the Federal Do Not Call registry;

   d.   Whether Defendant obtained prior express written consent;

   e.   Whether the Court should treble damages because of the knowingness and/or willfulness of Defendant's conduct.

32.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

<u>**FIRST CAUSE OF ACTION:**</u>
**Violation of 47 U.S.C. § 227(c)**
**<u>(On behalf of Plaintiff and the TCPA Class)</u>**

33.     Mr. Callier realleges the foregoing paragraphs and incorporates them herein as if set forth here in full.

34.     The telephone numbers of Mr. Callier and the Class are registered on the Do Not Call Registry.

35.     Defendant placed unsolicited phone calls and sent a text message to Mr. Callier's and the Class members' DNC registered telephones without having their prior written consent to do so

36.     Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

37.     Defendant's calls and texts were made for the commercial purpose of soliciting Defendant's cash advance products and services.

38.     As a result of its unlawful conduct, Defendant repeatedly invaded Mr. Callier's and the Class's personal privacy, causing them to suffer damages.

39.     Mr. Callier is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

40.     Mr. Callier also seeks a permanent injunction prohibiting Defendant from placing calls or sending texts to telephone numbers listed on the Federal Government's National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
**Violations of The Texas Bus. & Com. Code § 305.053**
**Failure to Comply with TCPA**
**(On behalf of Plaintiff and the Texas Subclass)**

41.     Plaintiff incorporates the foregoing allegations as if set forth herein.

42.     The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by sending a non-emergency text message and placing phone calls to Plaintiff's cellular telephone number without prior express written consent in violation of 47 U.S.C. § 227 et seq.

43.     Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

44.     Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

45.     Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

### THIRD CAUSE OF ACTION
### Violations of Texas Bus. & Com. Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate
### (On behalf of Plaintiff and the Texas Subclass)

46.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47.     Defendant placed calls and sent a text to Plaintiff without having a valid telephone solicitation registration certificate as required under Tex. Bus &. Com. Code § 302.101.

48.     As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. & Com. Code § 302.302(a).

49.     Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

50.     As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate § 227(c) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C.     An order declaring that Defendant's conduct was willful and knowing;

D.     An award of $1,500 per violation in statutory damages arising from § 227(c) for each intentional violation;

E.     An award of $1,500 per violation of the Texas Bus. & Com. Code § 305.053;

8

F.      An award of $5,000 per violation of the Texas Bus. & Com. Code § 302.101;

G.      An injunction requiring Defendant to cease all unlawful telephone communications;

H.      An award of reasonable attorneys' fees and costs; and

I.      Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 24, 2025                Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff and the Putative Classes*